UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY REDIC, | No. C 08-5010 MHP (pr) |
| Petitioner, | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |
| v. | |
| JOHN MARSHALL, warden, | |
| Respondent. | |

Larry Redic, an inmate at the California Men's Colony in San Luis Obispo, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Alameda County Superior Court for false imprisonment, kidnapping, and multiple sex offenses. He appealed his conviction but did not seek collateral review in state court after the conclusion of his appeal. His federal petition lists 21 claims – 6 of which were presented in his direct appeal and 15 of which were not presented to the state courts. Redic has moved for a stay pending exhaustion of his state court remedies for the 15 claims that are included in his federal petition but which have not yet been presented to the California courts for review.

A district court may stay a habeas petition to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his

claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Redic has identified the claims he wants to assert as to which state court remedies have not been exhausted, has explained that state court remedies were not exhausted because his appellate attorney did not include the claims in the appellate brief, and does not appear to be engaged in dilatory litigation tactics. A stay would not offend the purposes of the AEDPA as explained in Rhines, 544 U.S. at 277, and apparently would comport with the procedure approved in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (prisoners who run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"). Accordingly, the motion for a stay and abeyance is GRANTED. (Docket # 3.)

      This action is STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Redic exhausts the unexhausted claims and, within thirty days of doing so, files a motion to reopen this action, lift the court's stay and proceed with this action. Redic must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. If he does not return within thirty days of exhausting the unexhausted claim and the limitations period has expired, dismissal is quite likely. See Rhines, 544 U.S. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

      Redic's motion for a certificate of appealability is DENIED. (Docket # 4.) The request is premature: a certificate of appealability is not necessary to begin a federal habeas action; rather, a certificate of appealability is necessary to appeal if the petition is denied.

      Redic's motion to proceed in forma pauperis is GRANTED. (Docket # 5.)

      IT IS SO ORDERED.

DATED: March 3, 2009

Marilyn Hall Patel
United States District Judge