*E-Filed 10/3/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY REDIC, | No. C 08-5010 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER DISSOLVING STAY;** |
| JOHN MARSHALL, Warden, | **ORDER OF DISMISSAL** |
| Respondent. | |

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. The petition was stayed pending exhaustion of remedies in state court. Petitioner has filed several motions in recent months that indicate that he may have exhausted his claims. Accordingly, the order granting the stay (Docket No. 6) is VACATED, the stay is DISSOLVED, and the action REOPENED. The Clerk is directed to reopen the action.

On August 25, 2011, petitioner was ordered to inform the Court exactly what claims have been exhausted. (*See* Docket No. 16). The document he has submitted, however, fails to address the specific questions he was to answer. Accordingly, the petition is DISMISSED without prejudice because petitioner has failed to comply with the Court's order. Petitioner may move to reopen the action, but such motion must be accompanied with a document that

1  complies with the Court's August 25, 2011 order.

2      Petitioner's motion for the appointment of counsel (Docket No. 17) is DENIED.
3  There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791
4  F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district
5  court to appoint counsel to represent a habeas petitioner whenever "the court determines that
6  the interests of justice so require" and such person is financially unable to obtain
7  representation.  The decision to appoint counsel is within the discretion of the district court,
8  *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when
9  exceptional circumstances are present.  *See* generally 1 J. Liebman & R. Hertz, Federal
10 Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).  Petitioner has not
11 shown that there are exceptional circumstances warranting appointment of counsel.  The
12 Clerk shall terminate Docket No. 17, enter judgment in favor of respondent, and close the
13 file.

14 **IT IS SO ORDERED**.

15 DATED: October 3, 2011

                RICHARD SEEBORG
16                 United States District Judge