*E-Filed 10/26/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY REDIC, | No. C 08-5010 RS (PR) |
|     Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| JOHN MARSHALL, Warden, | |
|     Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. The action was dismissed because petitioner failed to comply with a Court order. Petitioner having filed the necessary documents, the action is hereby REOPENED. The order of dismissal (Docket No. 19), and the judgment (Docket No. 20), are hereby VACATED. The Clerk is directed to reopen the action. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

According to the petition, petitioner was convicted in the Alameda County Superior Court for false imprisonment, kidnapping, and multiple sex offenses. As grounds for federal habeas relief, petitioner alleges the following claims: (1) there was insufficient evidence to support his rape convictions; (2) his due process right to fair notice was violated when he was not informed of charges that appeared in the charging document; (3) defense counsel rendered ineffective assistance; (4) the imposition of consecutive sentences violated his Sixth Amendment rights under *Cunningham v. California*, 549 U.S. 270 (2007); (5) evidence, including prior crimes evidence, was improperly admitted and caused prejudice; (6) there was prosecutorial misconduct; (7) the jury was not impartial; (8) a witness was "aiding and abetting"; (9) a witness perjured herself; (10) CALJIC No. 2.21.2 was given in error to the jury; (11) the trial court failed to instruct on a lesser included offense; (12) his appellate attorney rendered ineffective assistance by failing to raise certain claims on appeal; (13) his sentence violates the Eighth Amendment; (14) his claims are not procedurally defaulted; (15) petitioner suffers from a disability because of his drug use; (16) there was some Sixth Amendment charging error in the indictment; (17) the state court's timeliness rule is unclear.[1]

---

[1] These 16 claims were consolidated from 29 claims listed in the petition.

**United States District Court**
For the Northern District of California

1  The petition will be dismissed with leave to amend. Claim (4) regarding the
2  imposition of concurrent sentences is DISMISSED without leave to amend. "The decision
3  whether to impose sentences concurrently or consecutively is a matter of state criminal
4  procedure and is not within the purview of federal habeas corpus." *Cacoperdo v.*
5  *Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). More specifically, Sixth Amendment jury
6  trial protections do not apply to a trial court's decision to impose concurrent or consecutive
7  sentences. *See Oregon v. Ice*, 129 S. Ct. 711, 714–15 (2009). Claim (8) is DISMISSED with
8  leave to amend. Petitioner has not clearly explained what he means by aiding and abetting
9  and how that is relevant to the legality or duration of his confinement. Claim (9) is
10 DISMISSED with leave to amend. Petitioner must make it clear whether this claim is for
11 ineffective assistance of counsel or for prosecutorial misconduct, or both. Claim (11) is
12 DISMISSED with leave to amend. The failure of a state trial court to instruct on lesser
13 included offenses in a non-capital case does not present a federal constitutional claim. *See*
14 *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). However, "the defendant's right to
15 adequate jury instructions on his or her theory of the case might, in some cases, constitute an
16 exception to the general rule." *Id.*, 219 F.3d at 929 (citing *Bashor v. Risley*, 730 F.2d at
17 1240). *Solis* suggests that there must be substantial evidence to warrant the instruction on the
18 lesser included offense. *Id.*, 219 F.3d 929–30. If petitioner realleges this claim, he must give
19 specific facts showing that there was substantial evidence to warrant the instruction. Claim
20 (12) is DISMISSED with leave to amend. Petitioner must state exactly which claims
21 appellate counsel failed to raise on appeal and how the failure to raise those claims resulted
22 in ineffective assistance. Claim (14) is DISMISSED without leave to amend as it does not
23 state a claim for federal habeas relief. Petitioner may argue in his amended petition or his
24 traverse that his claims are not procedurally defaulted, but such an assertion does not state an
25 independent claim for relief. Claim (15) is DISMISSED with leave to amend. Petitioner has
26 not shown how this claim relates to the legality or duration of his confinement. Claim (16) is
27 DISMISSED with leave to amend. It is not clear what petitioner means by this claim. Claim
28

1  (17) is DISMISSED without leave to amend as it does not state a claim for relief.

2      Accordingly, the petition is DISMISSED with leave to amend.  Petitioner shall file an
3  amended petition within 30 days from the date this order is filed.  The first amended petition
4  must include the caption and civil case number used in this order (08-5010 RS (PR)) and the
5  words SECOND AMENDED PETITION on the first page.  Because an amended petition
6  completely replaces the previous petitions, petitioner must include in his first amended
7  petition all the claims he wishes to present.  Petitioner may not incorporate material from the
8  prior petition by reference.  Failure to file an amended petition in accordance with this order
9  will result in dismissal of this action for failure to prosecute under Federal Rule of Civil
10 Procedure 41(b).

11     Petitioner's motion to amend the petition (Docket No. 22), and his motion to reopen
12 the action (Docket No. 23) are DENIED as moot.  His motion for "due diligence
13 documentation" (Docket No. 25), and his motion "in support of state court impediments"
14 (Docket No. 27), are DENIED because they are not comprehensible.  Petitioner may refile
15 these motions with his amended petition if he clarifies exactly what he is asking the Court to
16 do.  The Clerk shall terminate Docket Nos. 22, 23, 25 & 27.

17     **IT IS SO ORDERED**.
18 DATED:  October 25, 2011
19                                              RICHARD SEEBORG
                                                United States District Judge