**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-Filed 6/26/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LARRY REDIC,                                          No. C 08-5010 RS (PR)

          Petitioner,                          **ORDER TO SHOW CAUSE**

      v.

TERRI L. GONZALES, Warden,

          Respondent.
_____/

**INTRODUCTION**

     This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254.  The second amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

     According to the petition, in 2006, an Alameda County Superior Court jury convicted petitioner of false imprisonment, kidnapping, and multiple sex offenses.  He does not state the length of his prison sentence.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims: (1) there was insufficient evidence to support one of his four convictions which resulted in the imposition of a full-term consecutive sentence; (2) the charging documents were faulty, in violation of due process; (3) the state appellate court's ruling was in error; (4) there was prosecutorial misconduct; (5) defense and appellate counsel rendered ineffective assistance; (6) there was cumulative error; (7) trial court failed to issue an instruction on a lesser included offense; and (8) the jury was biased against him because of his drug addiction. When liberally construed, these claims appear to state claims cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have

No. C 08-5010 RS (PR)
ORDER TO SHOW CAUSE

**United States District Court**
For the Northern District of California

been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* (Docket Nos. 46 and 51) is DENIED as moot, the Court having granted petitioner *in forma pauperis* status in 2008. (Docket No. 5.)

//

//

//

//

No. C 08-5010 RS (PR)
ORDER TO SHOW CAUSE

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1

9.  Petitioner's motion for the appointment of counsel (Docket No. 47) is DENIED on

2

the same grounds as his prior motion for counsel was denied (Docket No. 19).

3

10.  The Clerk shall terminate Docket Nos. 46, 47 and 51.

4

**IT IS SO ORDERED**.

5

DATED:  June 26, 2012

_____
RICHARD SEEBORG
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 08-5010 RS (PR)
ORDER TO SHOW CAUSE