*E-Filed 2/11/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY REDIC, | No. C 08-5010 RS (PR) |
|     Petitioner, | **ORDER GRANTING MOTION FOR RECONSIDERATION;** |
| v. | **ORDER DISMISSING CERTAIN CLAIMS;** |
| TERRI L. GONZALES, Warden, | |
|     Respondent. | **ORDER SETTING BRIEFING SCHEDULE** |

## INTRODUCTION

For the reasons stated herein, respondent's motion for reconsideration of the Court's denial of the motion to dismiss five of petitioner's eight federal habeas claims as procedurally defaulted (Docket No. 64) is GRANTED. Claims 4–8[1] in the second amended habeas petition are DISMISSED. Respondent shall file an answer addressing the remaining claims on or before May 20, 2014.

---

[1] "(4) there was prosecutorial misconduct; (5) defense and appellate counsel rendered ineffective assistance; (6) there was cumulative error; (7) trial court failed to issue an instruction on a lesser included offense; and (8) the jury was biased against him because of his drug addiction." (Order to Show Cause, Docket No. 52, at 2.)

# DISCUSSION

## I. Background

In response to this Court's order to show cause why petitioner's second amended petition should not be granted, respondent filed a motion to dismiss certain claims as procedurally defaulted. (Docket No. 55.) The Court denied the motion without prejudice and directed respondent to file an answer addressing the merits of all claims. (Docket No. 62.) Respondent filed a motion for leave to file a motion for reconsideration (Docket No. 63), which was granted. Respondent then filed a motion for reconsideration of the Court's denial of their motion to dismiss. (Docket No. 64.) That motion is presently before the Court.

## II. Motion for Reconsideration

Respondent asserts that five of petitioner's eight claims are procedurally defaulted and therefore barred from federal review. The five claims at issue here were presented to the state supreme court only through a habeas petition, which was denied summarily with citation to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998). The U.S. Supreme Court has held that such a "summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely." *Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011). California's timeliness rule is independent, *Bennett v. Mueller*, 322 F.3d 573, 582–83 (9th Cir. 2003), and adequate, *Martin*, 131 S. Ct. at 1131. It thus may be the basis for a federal district court to hold that a claim in a federal petition that was rejected for untimeliness in the California courts is procedurally defaulted. A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

The state supreme court's determination of untimeliness was reasonable. Petitioner was convicted in state court in 2006, and the state supreme court denied his petition for direct review in 2007. (Respondent's Mot. to Dismiss (Docket No. 55) at 15.) In the following

years, he filed various petitions in the state superior and appellate courts, the last of which was denied by the state appellate court on May 27, 2009.  (*Id.* at 16.)  Sixteen months later, on October 18, 2010, he filed his first habeas petition in the state supreme court, which, as noted above, summarily denied it with a citation to *In re Robbins*.  (*Id.*)  This petition was nearly identical to a petition petitioner filed a year before in the state appellate court.

Considering the delays between filings and the lack of justification for such delays, it was not unreasonable for the state supreme court to reject the petition as untimely, especially as the United State Supreme Court had affirmed a finding by that same court deeming a petition with a lesser delay untimely. *Walker*, 131 S. Ct. at 1129–30.  There is no indication that the state supreme court's ruling was an attempt to discriminate against petitioner's claims of violations of his federal rights, or that it imposed the timeliness bar in an unfair manner, or that the timeliness bar operated to "the particular disadvantage of petitioners asserting federal rights." *Martin*, 131 S. Ct. at 1131.  On this record, respondent has shown that the five claims at issue here were procedurally defaulted.  It is now petitioner's burden to overcome this bar by showing cause and prejudice.

Procedural default can be overcome if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.  "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him:  [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 729 (internal quotation marks and citation omitted).  "To establish prejudice resulting from a procedural default, a habeas petitioner bears 'the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.'" *White v. Lewis*, 874 F.2d 599, 603 (9th

Cir.1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). A petitioner must establish factual innocence in order to show that a fundamental miscarriage of justice would result from application of procedural default. *See Gandarela v. Johnson*, 275 F.3d 744, 749-50 (9th Cir. 2002); *Wildman v. Johnson*, 261 F.3d 832, 842–43 (9th Cir. 2001).

Petitioner has not shown cause for the delay. In his filings, he makes conclusory allegations regarding access to the law library (citing lockdowns, unhelpful staff, prison transfers), inability to find counsel, a lack of legal knowledge, and a lack of mental capacity to represent himself. He fails, however, to give sufficient detail about library access to justify a sixteen-month delay. Also, his filing of many petitions (some of considerable length) in the state superior and appellate courts over the years belie his assertions that he lacked the mental ability or legal knowledge to file a timely petition with the state supreme court. Furthermore, as stated above, the petition he filed sixteen months after his last petition was denied was nearly identical to one he filed a year earlier.

Petitioner makes no arguments concerning prejudice. He also fails to satisfy the requirements of the actual innocence exception to the procedural default rule. Specifically, he has failed to show "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1996).

On this record, the five claims at issue here are procedurally defaulted. Petitioner has failed to overcome this bar to review. Accordingly, respondent's motion for reconsideration will be granted.

**CONCLUSION**

Respondent's motion for reconsideration (Docket No. 64) is GRANTED, and the five claims at issue here are DISMISSED. The Clerk shall terminate Docket No. 64.

Respondent shall file an answer addressing the merits of the remaining claims on or before May 20, 2014. He shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to

a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within 30 days of the date the answer is filed.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Upon a showing of good cause, requests by either party for a reasonable extension of time will be granted provided that such requests are filed on or before the deadline they seek to extend.

It is petitioner's responsibility to prosecute this case.  He must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  February 11, 2014

RICHARD SEEBORG
United States District Judge