UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY REDIC,

    Petitioner,

v.

TERRI L. GONZALEZ, Warden,

    Respondent.

No. C 08-5010 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner, a state prisoner proceeding pro se, seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition for such relief is DENIED.

## BACKGROUND

In 2006, an Alameda County Superior Court jury found petitioner guilty of rape, false imprisonment by violence, attempted sodomy, penetration with a foreign object, and kidnapping. He was sentenced to a term of 15 years plus 40 years-to-life in state prison. The state appellate court modified the judgment to stay the sentence imposed for the kidnapping conviction. (Ans., Ex. C (State Appellate Opinion) at 1.) Other than this modification, petitioner was denied relief on state judicial review. This federal habeas petition followed.

Evidence presented at trial showed that in 2004 petitioner raped two adult females (Jane Doe 1 and Jane Doe 2) in separate incidents. In June 2004, petitioner met Jane Doe 2, whom he had dated a decade before, by accident in public and invited her to his apartment for a drink. While there, petitioner choked and raped her and held her captive in his apartment for 24 hours. Semen bearing petitioner's DNA signature was taken from Jane Doe 2. (Ans., Ex. C at 2–5.)

About two weeks later, petitioner ran up behind Jane Doe 1 while she was walking home from a friend's house, pressed an object against her back, and said, "Keep walking bitch . . . [or] I'll kill you." He took her to his apartment. While there, he penetrated her vagina with his fingers and penis. When she escaped from his apartment, she nearly collided in the hallway with a police officer who had responded to a neighbor's report of Jane Doe 1's cries for help. She pointed toward petitioner and identified him as her rapist. When he noticed the policeman, petitioner jumped from his window to the street below and ran off. (*Id.* at 5–7.)

As grounds for federal habeas relief, petitioner claims: (1) there was insufficient evidence to support one of his four convictions which resulted in the imposition of a full term consecutive sentence; (2) the charging documents were faulty, in violation of due process; and (3) the state appellate court erred in rejecting his claim that the imposition of consecutive sentences violated his constitutional rights.

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I.     Sufficiency of the Evidence as to Jane Doe 1 Convictions

Petitioner claims that the evidence did not support the imposition of (A) consecutive and (B) full sentences for the three rape convictions and the one conviction for penetration with a foreign object against Jane Doe 1. He asserts that his sentences for those counts violated his due process and Sixth Amendment rights. (Second Am. Pet. at 6.)

####     A.     Consecutive Sentences

Petitioner claims that the trial court's imposition of consecutive sentences violated his federal constitutional rights. The relevant facts are as follows. For his attack on Jane Doe 1, petitioner was convicted of three counts of rape (counts three, four and five) and one count of penetration with a foreign object (count seven), the sentences for which were imposed consecutively. Such a sentence was warranted, the trial court stated, because "[t]he evidence

clearly supports it, that prior to the commission of this offense, [petitioner] had a reasonable opportunity to reflect upon his actions, and nevertheless resumed sexually assaultive behavior." (Ans., Ex. C at 12.) The state appellate court agreed that substantial evidence supported the convictions and sentence:

> In this case, there was substantial evidence before the jury — in Jane Doe 1's recorded statement to Officer Karsseboom — that [petitioner] penetrated Jane Doe 1's vagina with his penis three times, the first time for 30 minutes, the second for 20 to 25 minutes, and the final time for 15 minutes. Jane Doe 1 further stated that between the second and third penetrations [petitioner] struck her in the face to stop her from screaming. There was also substantial evidence on the tape that he stopped between acts of penile penetration and committed a separate act of digital penetration that lasted for two or three minutes. On this record, a reasonable trier of fact could well have found that [petitioner] had a reasonable opportunity for reflection between each of the sexual offenses he committed against Jane Doe 1, but nonetheless chose to resume his assaultive behavior.

(*Id.* at 14.) The trial court imposed consecutive sentences pursuant to Cal. Penal Code § 667.6(d), which reads:

> A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions. [¶] In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions.

Petitioner's claim that the trial court violated his federal rights by imposing consecutive sentences does not warrant habeas relief. First, whether the offenses qualified as separate crimes under Cal. Penal Code § 667.6(d) is a matter of state, not federal, law and therefore is not cognizable on federal habeas review. *Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011). The state appellate court's ruling that the evidence supported a finding of separate crimes under state law binds this federal habeas court, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), even if state law were erroneously applied or interpreted, *Cooke*, 131 S. Ct. at 863.

Second, even if such claim were reviewable here, habeas relief would still be unwarranted. The state court's determination that there were four separate crimes was not unreasonable. The jury convicted petitioner of four separate crimes: three counts of rape and a count of penetration with a foreign object. When reviewing a state court conviction, a federal court must determine only whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted. *Id.* at 324. "[T]he only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

A review of the trial transcript supports the trial court's decision that petitioner committed four separate sexual offenses against Jane Doe 2. In her statement to the police, an audiorecording of which was played for the jury at petitioner's trial, Jane Doe 2 discussed in detail three separate incidents of rape, and an incident of penetration with a foreign object. (Ans., Ex. J, Vol. 3 at 484–508.) Such evidence shows that the jury's finding as to each charge was not so insupportable as to fall below the threshold of bare rationality. The trial court's reliance on the jury finding that there were four separate crimes, and its reliance on the evidence presented at trial, was not unreasonable. The state appellate court's rejection of petitioner's claim was reasonable, and is entitled to AEDPA deference. This claim is DENIED.

### B. Full Terms

Petitioner claims that the trial court's imposition of "full" terms for counts four, five, and seven violated his Sixth Amendment jury trial rights. (Second Am. Pet. at 6; Trav. at 5.) The Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530

U.S. 466, 490 (2000). The Supreme Court later clarified "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." *Blakely v. Washington*, 542 U.S. 296, 303–04 (2004). In California, this means "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham*, 549 U.S. 270, 288 (2007). In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held California's Determinate Sentencing Law violates the Sixth Amendment right to a jury trial to the extent it "authorizes the judge, not the jury, to find the facts permitting an upper term sentence" beyond the middle term. *Id.* at 293.[1]

Petitioner is under two misapprehensions. First, he mistakenly equates "full" with *Cunningham*'s "upper term."[2] This first misapprehension gives rise to the second, that he received upper term sentences. He did not. The record shows that the trial court imposed the midterm, not the upper term, for counts four and five. (Ans., Ex. J, Vol. 8 at 1982.) For count seven, the trial court imposed the "mitigated, or low, term." (*Id.* at 1893.)[3] *Cunningham* applies only when an upper term is imposed. Because the court imposed the middle and low terms, *Cunningham* is not implicated. The state court's rejection of this

---

[1] Petitioner was sentenced in 2006. In 2007, the law changed. "[F]ollowing *Cunningham*, the California legislature amended its statutes such that imposition of the lower, middle, or upper term is discretionary, and does not depend on . . . aggravating factors." *Butler v. Curry*, 528 F.3d 624, n. 20 (9th Cir. 2008). Under this March 30, 2007 amendment, California Penal Code § 1170(b) provides that "when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court."

[2] This *Cunningham* claim is also denied because petitioner failed to raise it in his petition. It appeared in his traverse only. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

[3] Count three was calculated under California's indeterminate sentencing scheme. (Ans., Ex. J, Vol. 8 at 1888–89.) *Cunningham*, which addressed concerns about sentences imposed under California's Determinate Sentencing Law, does not apply to count three.

claim was reasonable, and is entitled to AEDPA deference.  Accordingly, the claim is DENIED.

## II.     Due Process

Petitioner claims that his right to due process was violated because the charging instrument led him to believe that the Jane Doe 1 rape and digital penetration charges (counts four, five and seven) were subject to sentencing under subsection (c) of Cal. Penal Code § 667.6,[4] rather than subsection (d), under which he was sentenced.  The statutes differ in that (c) applies to multiple crimes committed against *one* person on one occasion, while (d) applies to crimes involving *separate* victims (or the same victim on different occasions). Under each charge at issue here, the allegations said in part "SEX OFFENSES — SEPARATE VICTIMS OR OCCASIONS CLAUSE."  (Ans., Ex. 1, Vol. 1 at 15, 17, 20.)

The state appellate court rejected petitioner's claim on two grounds:

> We agree that these allegations failed to invoke the separate occasions portion of section 667.6, subdivision (d) that the trial court ultimately relied on in sentencing [petitioner] under counts four, five, and seven.  However, in our view, as long as the evidence supports the application of that provision there is no due process requirement that it be noticed with particularity in the information . . .
>
> Even if due process did require a specific separate occasions allegation under section 667.6, subdivision (d), [petitioner's] pleading claim would still fail.  He waived any such claim by failing to raise it at the sentencing hearing.

(Ans., Ex. C at 15.)

It is clearly established federal law that a criminal defendant has a Sixth Amendment right to be informed of any charges against him, and that a charging document, such as an

---

[4] Cal. Penal Code § 667.6(c) reads: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion.  A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e).  If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person otherwise would have been released from imprisonment.  The term shall not be included in any determination pursuant to Section 1170.1.  Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison."

information, is the means by which such notice is provided. *Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007) (citing *Cole v. Arkansas*, 333 U.S. 196, 201 (1948)).  The principal purpose of the information is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare a defense. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). An information is not constitutionally defective if it states "the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against." *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985) (quoting *Russell v. United States*, 369 U.S. 749, 763–64 (1962)).

Habeas relief is not warranted here.  Petitioner was not deprived of his right to notice of the charges, but of sentencing enhancements.  While such notice is significant, petitioner has not shown how this lack of notice injured his defense to the charges, or deprived him of a reason to argue for a sentencing reduction.  Also, however defective the information, it did provide petitioner notice that his sentence would be affected if he was found guilty of crimes against more than one victim.  The sentencing information was entitled "SEX OFFENSES — SEPARATE VICTIMS OR OCCASIONS CLAUSE."  On this record, the state appellate court's rejection of his claim was reasonable and is entitled to AEDPA deference.  Accordingly, this claim is DENIED.

### III.     Imposition of Consecutive Sentences

Petitioner claims that the imposition of consecutive sentences violated his Sixth Amendment right to have a sentencing enhancement submitted to a jury and proved beyond a reasonable doubt.  This claim is foreclosed by Ninth Circuit precedent.  "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).  More specifically, Sixth Amendment jury trial protections do not apply to a trial court's decision to impose concurrent or consecutive sentences, *see Oregon v. Ice*, 129 S. Ct. 711, 714–15 (2009).  The state appellate court's rejection of this claim was reasonable.  This claim is DENIED.

## CONCLUSION

The state court's adjudication of the claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED: December 10, 2014

RICHARD SEEBORG
United States District Judge