*E-Filed 2/4/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY REDIC, | No. C 08-5010 RS (PR) |
| Petitioner, | **ORDER DENYING POST-JUDGMENT MOTIONS** |
| v. | |
| JOHN MARSHALL, Warden, | |
| Respondent. | |

This is a closed federal habeas action. The petition was denied, and judgment entered in favor of respondent, on December 10, 2014. (Docket Nos. 82 and 83.) Petitioner since has filed a Notice of Appeal and three post-judgment motions.

Petitioner's motion for a certificate of appealability (Docket No. 89) is DENIED as moot, the Court having declined to issue one, as stated in the order denying the petition. His motion for the appointment of counsel (Docket No. 90) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to

appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting the appointment of counsel.

Petitioner's motion for reconsideration (Docket No. 91) is DENIED. The motion contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law. *See* Fed. R. Civ. P. 59(e); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Nor does the motion contain a showing of newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; petitioner offers no other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Clerk shall terminate Docket Nos. 89, 90, and 91.

**IT IS SO ORDERED**.

DATED: February 3, 2015

RICHARD SEEBORG
United States District Judge